IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MITCH TAEBEL | ) | |
| | ) | Civil Action No. 3:20CV00052 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| UNIVERSITY OF VIRGINIA, SEMESTER AT SEA | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Mitch Taebel, a prisoner proceeding pro se, commenced this action by filing a complaint against "University of Virginia, Semester at Sea." The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Background**

Taebel alleges in his complaint that he was unlawfully expelled in 2007 from the University of Virginia's Semester at Sea program "in violation of due process and equal protections." Compl. at 1, ECF No. 1. Taebel asserts he "was the last person who should have received an expulsion" and explains that he "was expelled after taking bread from the pantry." Id. at 1–2. Taebel's complaint names the "University of Virginia, Semester at Sea" as its lone defendant and does not identify a form of relief sought.

**Standard of Review**

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint

(1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

The standards for reviewing a complaint for dismissal for failure to state a claim under § 1915(e)(2)(B) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).  De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).  Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## Discussion

As stated previously, Taebel's complaint alleges that Taebel was unlawfully expelled in 2007 from the University of Virginia's Semester at Sea program "in violation of due process and equal protections." Compl. at 1.  Because Taebel's complaint references "due process and equal protections" and names a public institution as defendant, the court construes the complaint as being brought pursuant to 42 U.S.C. § 1983.  Section 1983 provides a cause of action against any person who, under color of state law, causes the deprivation of another person's rights under the

2

Constitution or laws of the United States. 42 U.S.C. § 1983. For the following reasons, the court concludes that Taebel's complaint fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court first notes that Taebel's complaint merely references "due process and equal protections" without providing any factual support. This conclusory allegation is insufficient to state a claim upon which relief can be granted. See Vista-Graphics, Inc., v. Va. Dep't of Transp., 682 F. App'x 231, 237 (4th Cir. 2017) (holding that the plaintiffs' "single passing reference in their complaint to the Equal Protection Clause" was insufficient to state a claim).

Second, Taebel's claim is also clearly time-barred. The statute of limitations for constitutional claims under § 1983 is borrowed from the forum state's personal injury statute. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Virginia, the statute of limitations for personal injury actions is two years. Va. Code Ann. § 8.01-243(A) (2020). A plaintiff seeking to bring a civil rights action under § 1983 in Virginia must therefore do so within two years after the cause of action accrues. The question of when a cause of action accrues under § 1983 is governed by federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, accrual occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. Taebel's complaint is thus time-barred and subject to dismissal for failure to state a claim, as the expulsion for which he seeks relief allegedly occurred in 2007, thirteen years ago. See Jones v. Bock, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal . . . .").

**Conclusion**

For the reasons stated, the court will dismiss Taebel's complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This  23rd  day of December, 2020.

*/s/ Glen Conrad*
Senior United States District Judge